United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS DAVID MOSQUERA, | § | |
| TDCJ #02377827, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06382 |
| | § | |
| CONROE, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Nicholas David Mosquera (TDCJ #02377827), a state inmate in the custody of the Texas Department of Criminal Justice (TDCJ), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against the City of Conroe, Texas, Montgomery County District Attorney Brett Ligon, and "Watchguard with Conroe, Texas" Tyson Sutton. Doc. No. 1. He has not paid the filing fee and presumably seeks to proceed *in forma pauperis.* After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

## I. BACKGROUND

Mosquera is currently serving an eighteen-year sentence as the result of a conviction for evading arrest with a motor vehicle in Montgomery County case number 20-11-14063, in violation of Texas Penal Code § 38.04(b)(2).[1] *See State v. Mosquera*, Tr. No. 20-11-

---

[1] *See* TDCJ Offender Search website, *available at* https://offender.tdcj.texas.gov/OffenderSearch/offender

14063 (359th Jud. Dist. Ct., Montgomery County, Tex. filed Nov. 16, 2020) (sentenced Jan. 31, 2022). He sues the defendants for malicious prosecution for another charge obtained at the same time, for being a felon in possession of a firearm in Montgomery County case number 20-11-14062, a charge that was subsequently dismissed without prejudice. *State v. Mosquera*, Tr. No. 20-11-14062 (359th Jud. Dist. Ct., Montgomery County, Tex. filed Nov. 16, 2020) (dismissed without prejudice Mar. 9, 2022). Mosquera alleges that defendants arrested, prosecuted, and confined him without authority to do so. He states that on November 13, 2020, he was arrested without probable cause for being a felon in possession. Doc. No. 1 at 4.

Court records indicate that he was also charged with evading arrest with a motor vehicle in case number 20-11-14063 in connection with that same arrest as explained above. In fact, this Court previously dismissed Mosquera's claims regarding his November 13, 2020 arrest and prosecution regarding case number 20-11-14063, because Mosquera has not shown that his conviction for evading arrest with a motor vehicle has been overturned or called into question on appeal or through a writ of habeas corpus. *See Mosquera v. City of Conroe, Tex.*, Civ. No. H-23-698 (S.D. Tex. 2023). For relief in this case, he seeks compensatory damages of $18 million and the video of the arrest from Conroe officials. Doc. No. 1 at 4.

---

Detail.action?sid=07708586 (last visited Jul. 28, 2026).

2 / 5

## II.   **DISCUSSION**

Mosquera's Complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se*. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Mosquera's claims regarding his November 13, 2020 arrest, subsequent prosecution, and confinement are barred under the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of the

plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages or injunctive relief arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence that resulted from the challenged arrest has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

The gravamen of Mosquera's complaint in this case is that he was arrested, without probable cause, for being a felon in possession. Doc. No. 1 at 4. His claim that there was no probable cause for his November 13, 2020, arrest is inextricably linked to the legality of his present sentence and confinement. In *Heck*, the Supreme Court explained that a civil rights challenge to an arrest when one of the elements of the underlying conviction (for example, resisting arrest has as an element resisting a *lawful* arrest) would not be viable under section 1983 because success on the civil rights case would necessarily call into question the conviction for resisting arrest. *Heck*, 512 U.S. at 486 & n.6. Similarly, Mosquera's challenge to his arrest, where he was convicted for evading arrest with a motor vehicle (which has as an element evading a *lawful* arrest),[2] is barred unless or until he can show that his conviction that resulted from the challenged arrest has been invalidated. *See id.* Because Mosquera has not shown that his conviction that resulted from his November

---

[2] *See* Tex. Penal Code §38.04 ("A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.")

13, 2020 arrest has been overturned or invalidated through proper channels, his present civil rights claims challenging the lawfulness of that arrest are barred by *Heck.*

## III.   **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** that:

1.  Nicholas David Mosquera's Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

2.  All pending motions, if any, are **DENIED as MOOT**.

3.  This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: **Three_Strikes@txs.uscourts.gov**

The Clerk will send a copy of this Order to the parties.

SIGNED this _____ day of July 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE